THE STATE OF OHIO, APPELLEE, *v.* CARPENTER, APPELLANT.

248

(No. 370—Decided November 26, 1949.)

*Mr. J. H. Leopold,* prosecuting attorney, for appelee.
*Mr. Elmer McClain,* for appellant.

By the Court. This is an appeal on questions of law from a judgment of the Common Pleas Court of Putnam County, convicting and sentencing the appellant, Harold Carpenter, for the malicious destruction of property of the value of less than $100, as charged in an affidavit filed in such court by the sheriff of the county.

One of the assignments of error is that the court was without jurisdiction to render such judgment and sentence.

Under the provisions of Section 12477, General Code, prescribing the offense charged in the affidavit, the value of the property destroyed being less than $100, the offense charged is a misdemeanor.

Section 13422-5, General Code, prescribes:

"The Court of Common Pleas shall have original jurisdiction of all crimes and offenses, except in cases

of minor offenses, the exclusive jurisdiction of which is vested in courts inferior to the Court of Common Pleas.''

In the above quoted section of the General Code the phrase ''minor offenses'' is used in the sense of ''misdemeanors.''

Section 13437-34, General Code, as amended, 121 Ohio Laws, 121, effective August 23, 1945, prescribes:

''Prosecutions for misdemeanor may be instituted by the prosecuting attorney of the county by affidavit or such other method as may be provided by law in such courts as have original jurisdiction in misdemeanors. The provisions of law as to form and sufficiency, amendments, objections and exceptions to indictments and as to service thereof shall apply to such affidavits and warrants issued thereon.''

Before amendment, as above mentioned, that section provided as follows:

''In prosecutions for misdemeanor in the Court of Common Pleas, indictments by the grand jury shall not be necessary, but such prosecution may be upon information filed and verified by the prosecuting attorney of the county, or by affidavit where such method is by statute especially provided. The provisions of law as to form and sufficiency, amendments, objections and exceptions to indictments and as to the service thereof shall apply to such informations.'' (113 Ohio Laws, 123.)

Considering together the original section and the section as amended, it is obvious that the affidavit prescribed by the section as amended is intended to take the place of the information prescribed in the original section, in the institution of prosecutions for misdemeanors, but that the requirement that such prosecution be instituted by the prosecuting attorney of the county is retained; and that the word ''institution,''

as used in the amended section, comprehends not only the filing of the affidavit by the prosecuting attorney, but also the verification thereof by him.

There are other statutory provisions conferring jurisdiction on the Common Pleas Court, in the prosecution of misdemeanors upon indictment by the grand jury, but there are no other statutory provisions conferring jurisdiction on the Common Pleas Court in the prosecution of misdemeanors except the statutory provisions as to prosecutions instituted by the prosecuting attorney upon affidavit as prescribed in Section 13437-34, General Code, as amended, as above mentioned.

Common Pleas Courts have only such jurisdiction of the prosecution of misdemeanors as is prescribed by statute.

In the instant case the prosecution was instituted in the Common Pleas Court by the filing of an affidavit by the sheriff and verified by him, and was not instituted by the prosecuting attorney by affidavit verified by him, and consequently the Common Pleas Court had no jurisdiction of the prosecution as instituted.

As the Common Pleas Court was without jurisdiction of the offense charged in the affidavit of the sheriff, the judgment and sentence rendered by it is void, as contended by the appellant.

For this reason the judgment is reversed and final judgment rendered by this court discharging the defendant, at the costs of the state.

This judgment, however, does not constitute a bar to the prosecution of the defendant in the manner provided by law for the offense charged in the affidavit.

*Judgment reversed.*

GUERNSEY, P. J., MIDDLETON and JACKSON, JJ., concur.